ORIGINAL

# In the United States Court of Federal Claims
## Bid Protest

FILED
JAN - 5 2007
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MANAGEMENT SOLUTIONS & SYSTEMS, INCORPORATED, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06- C 07-7 C |
| | ) | Judge |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to RCFC 65(a)(1), Management Solutions & Systems, Incorporated (MSSI), a Maryland corporation and a small, disadvantaged, and service-disabled veteran-owned business, Plaintiff herein, hereby Moves for a Preliminary Injunction precluding Defendant and, more particularly, Western (Denver) Field Contracting Operations, U.S. Department of Housing and Urban Development, Denver, Colorado (HUD) from proceeding with Modification Number M00009 to Contract Number C-DEN-02014 until such time as the United States Government Accountability Office has decided the matter before it in B-299235.

In support of this Motion for a Preliminary Injunction, MSSI shows to the Court:

A. In an electronic message dated December 1st, 2006 MSSI learned that Contract Number C-DEN-02014 had been modified on that day to add to Contract Number C-DEN-02014 the help desk support services that are being delivered by MSSI under Contract Number C-OPC-23038.

B. Contract Number C-DEN-02014 is an 8(a) Contract, 15 U.S.C. § 637(a)(1), between HUD and the United States Small Business Administration. Creative Computing Solutions, Incorporated, Rockville, Maryland (CCSi) is a subcontractor to the United States Small Business Administration under Contract Number C-DEN-02014 and CCSi is tasked by HUD to deliver to HUD the help desk support services being performed by MSSI under Contract Number C-OPC-23028 between MSSI and HUD.

C. MSSI is challenging Modification Number M00009 to Contract Number C-DEN-02014 in proceedings before the United States Government Accountability Office. 31 U.S.C. §§ 3551-3556. That matter is docketed there as B-299235. HUD is required to submit its Agency Report to the United States Government Accountability Office by Friday, January 5th, 2007. 31 U.S.C. § 3553(b)(2)(A); 4 C.F.R. § 21.3(c).

A Decision by the United States Government Accountability Office is due on or before March 16th, 2007. 31 U.S.C. § 3554(a)(1); 4 C.F.R. § 21.9(a).

D. At 5:11 p.m. on Friday afternoon, December 29th, 2006 MSSI received by facsimile a copy of HUD's Decision to override the automatic statutory stay imposed by 31 U.S.C. § 3553(d)(3)(A). HUD then explained that the United States Small Business Administration has approved Modification Number 0009 to Contract Number C-DEN-02014.

E. HUD's override decision is not made by the Head of the Procuring Activity, and there has been no finding that performance under Modification Number M000-09 to Contract Number C-DEN-02014 is "in the best interests of the United States," or that "urgent and compelling circumstances that significantly affect the interests of the United States" will not permit waiting until March 16th, 2007 when the United States Government Accountability Office is to issue its Decision. HUD's override Decision is thus arbitrary and capricious because it is in violation of 31 U.S.C. § 3553(d)(3)(C) and Federal Acquisition Regulation 33.104(c).

F. Although the United States Small Business Administration has approved Modification Number 0009 to Contract Number C-DEN-02014, the United States

Small Business Administration has here made no determination whether or not an adverse impact exists as a result of HUD's transferring to CCSi under Modification Number M00009 to Contract Number C-DEN-02014 the help desk support services being delivered by MSSI under Contract Number C-OPC-23028 between MSSI and HUD. Thus continued performance under Modification Number M00009 to Contract Number C-DEN-02014 violates 13 C.F.R. § 124.504(c)(2) and is unreasonable or irrational, and thus arbitrary and capricious.

In order to obtain this Preliminary Injunction enjoining HUD from continuing performance under Modification Number M00009 to Contract Number C-DEN-02014 MSSI must clearly show: (a) a likelihood of success on the merits, (b) that harm to MSSI outweighs the harm to HUD, (c) that the public interest is served by enjoining HUD, and (d) irreparable injury to MSSI if HUD not enjoined, including, but not limited to, the absence of an adequate remedy at law for MSSI. *See, e.g., Delbert Wheeler Construction, Inc. v. United States*, 39 Fed. Cl. 239, 251 (1997), *aff'd*, 155 F.3d 566 (Fed. Cir. 1998).

This Court may review an override Decision such as this HUD override Decision independent of any review of the underlying procurement. And an override Deci-

sion such as this one, an override Decision clearly not made at the designated level within an Agency, and without either of the findings required by 31 U.S.C. § 3553-(d)(3)(C) and Federal Acquisition Regulation 33.104(c), is an override Decision arbitrary, capricious, and otherwise contrary to law. *Reilly's Wholesale Produce v. United States, et al.*, 73 Fed. Cl. 705, *2006 U.S. Claims LEXIS 324, *11-*12, *35-*36*. Success on the merits here is beyond likely—instead, it is obvious.

The balance of hardships leans in MSSI's favor—MSSI continues to provide help desk support services to HUD's Office of Public and Indian Housing because the telephones continue to ring for HUD at MSSI's off-site facility. And Contract Number C-OPC-23028 contains at Section I.1, page I-1, the "Continuity of Services (JAN 1991)" provision. Under this Continuity of Services provision, the HUD Contracting Officer is authorized to order phase-in, phase-out services for up to ninety days after Contract expiration on December 31st, 2006.

The public interest will be served and, indeed, commands granting the requested Preliminary Injunction:

> In the instant case, the public's interest likewise lies in preserving the integrity of the competitive process—such, indeed, clearly was Congress' view in

> providing that, except in circumstances not yet demonstrated here, the automatic stay should prevail. . . .

*Reilly's Wholesale Produce*, 2006 U.S. Claims LEXIS 324, *39-*40.

So too here. HUD has not considered of the cost of proceeding with Modification Number M00009 to Contract Number C-DEN-02014 should the United States Government Accountability Office sustain the matter pending before it as B-299235. We are talking about moving the jobs of twelve people from one off-site support facility to another off-site support facility. Such disruption ought to occur only once, not twice as likely will happen if the HUD override Decision is not now set-aside.

And any disruption that has so far occurred results not from the help desk support services which MSSI continues to deliver to HUD's Office of Public and Indian Housing—disruption instead results from the transfer of these help desk support services to CCSi under Modification Number M00009 to Contract Number C-DEN-02014.

Irreparable injury? MSSI cannot compete for any continuation of these help desk support services under Modification Number M00009 to Contract Number C-DEN-02014, and Contract Number C-DEN-02014 has a term that continues through No-

vember 29th, 2008. Such a lost opportunity to compete, and the competitive advantage which will accrue to CCSi through performing Modification Number M00009 to Contract Number C-DEN-02014 even through March 16th, 2007, is sufficient. *PGBA, LLC v. United States*, 57 Fed. Cl. 655, 664 (2003).

Respectfully submitted,

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
Virginia State Bar Number 03135
January 7th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Management Solutions & Systems, Incorporated.