**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| MANAGEMENT SOLUTIONS & SYSTEMS, INCORPORATED, Plaintiff | Case No. 07-7 |
| v. | Judge Susan G. Braden |
| THE UNITED STATES Defendant | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**

Creative Computing Solutions, Inc. ("CCSI"), through undersigned counsel, files this memorandum of points and authorities in support of its Motion to Intervene filed herewith.

RCFC 24(a)(2) entitles a party to intervene when it "claims an interest relating to the property or transaction that is the subject of the action, and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless that applicant's interest is adequately protected by the existing parties."

In order to intervene this Rule, a moving party must meet the following requirements: (i) that is has an interest subject to the action; (ii) that the ability to protect the interest as a practical matter may be impaired; and (iii) that the interest is not adequately represented by the existing parties. *Northrup Grumman Information Technology, Inc. v. United States*, 2006 U.S. Claims LEXIS 336, Nov. 7, 2006.

CCSI has an interest in that is the subject of this action. Specifically, CCSI is the recipient of Modification No. M00009 ("Modification") under Contract No. C-DEN-022014, which is the subject of this action. If the relief requested by the Plaintiff is granted, CCSI's work under the Modification will cease, and CCSI will suffer harm, including significant monetary loss, damages and the loss of employment of the ten (10) employees that are currently performing the subject services. Accordingly, unless CCSI is allowed to intervene in this action, its ability to protect its interest in performance of the Modification will be impeded.

Although the Defendant, U.S. Department of Housing and Urban Development ("HUD"), is capably represented by counsel and opposes all relief requested by the Plaintiff, its interests are not identical to those of CCSI. In the event that the interests of HUD and CCSI diverge, CCSI's participation in the action would be necessary to ensure that its interests are protected. Further, CCSI may be able to provide relevant information in this matter that is not in the possession of HUD. *See American Maritime Transportation, Inc. v. United States,* 870 F.2d 1559, 1561 (Fed. Cir. (1989) (the requirements for intervention are to be construed in favor of intervention).

For all of the foregoing reasons, CCSI respectfully requests that its motion to intervene be granted.

January 9, 2007

Respectfully submitted,

/s/

Andrew P. Hallowell, Esq.
Pargament & Hallowell, PLLC
1776 K Street, N.W., Suite 825
Washington, DC 20006
(202) 775-0707 (v)
(202) 775-0733 (f)