# In the United States Court of Federal Claims
# Bid Protest

| | | |
|---|---|---|
| **MANAGEMENT SOLUTIONS & SYSTEMS, INCORPORATED,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07-7C** |
| | ) | **Judge Susan G. Braden** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE

Pursuant to RCFC 7.2(a), Management Solutions & Systems, Incorporated (MSSI), a Maryland corporation and a small, disadvantaged, and service-disabled veteran-owned business, Plaintiff herein, hereby Opposes the Motion by Creative Computing Solutions, Incorporated (CCSi) to Intervene of Right pursuant to RCFC 24(a)(2).

CCSi avers that as the "recipient" of Modification Number M0009, Administrative Record, at A77-A94, to Contract Number C-DEN-02014, CCSi has an "interest," the right to continue performance under this Modification that affords CCSi

the privilege to Intervene of Right, this under RCFC 24(a)(2). CCSi relies on *Northrop Grumman Information Technology, Inc. v. United States and Lockheed Martin Services, Inc.*, Fed. Cl. No. 06-607C, November 7th, 2006, *2006 U.S. Claims LEXIS 336, *19-*22.*

*Northrop Grumman* concerned an Intervention by a subcontractor to an Agency's Most Efficient Organization (MEO) in an A-76 Competition, and this in an attempt to protect from inadvertent disclosure during the course of a Post-Award Bid Protest that subcontractor's trade secrets and proprietary information which had been shared with the MEO for purposes of the Agency Tender. The "interests" there at issue were the subcontractor's trade secrets and proprietary information. *Northrop Grumman*, *2006 U.S. Claims LEXIS 336, at *21*. This Court held that these "interests" were entitled to Fifth Amendment protection, and thus were "interests" properly the subject of RCFC 24(a)(2). *Id., at *22-*25.*

CCSi's "interests" are very different. CCSi is here only a subcontractor to the United States Small Business Administration. Administrative Record, at A11. These CCSi "interests," which are nothing more than an expectation of continued revenues as a subcontractor under a prime contract between the U.S. Department of

Housing and Urban Development and the United States Small Business Administration, a prime contract that can be Terminated for the Convenience of the U.S. Department of Housing and Urban Development at any time, are not the sort of "interests" cognizable by this Court.

A person whose trade secrets and proprietary information are improperly disclosed by the United States has a cause of action in this Court under 28 U.S.C. § 1491(a)(1) and the Fifth Amendment. Not so a subcontractor whose services (and thus the revenues from those services) are no longer required by the prime contractor. A subcontractor may not avail itself of this Court's jurisdiction. *United States v. Munsey Trust Co.*, 332 U.S. 234, 241 (1947).

Jurisdiction in this matter turns on 28 U.S.C. § 1491(b)(1) and as a subcontractor, CCSi is not even an "interested party." *Anderson Columbia Environmental, Inc. v. United States*, 42 Fed. Cl. 880, 883-884 (1999). 28 U.S.C. § 1491(b)(1) itself confers neither a unconditional, or conditional, right to intervene. *Emerald Coast Finest Produce Co., Inc. v. United States and Military Produce Group, LLC*, Fed. Cl. No. 06-742C, November 21st, 2006, *2006 U.S. Claims LEXIS 360*.

CCSi's "interest" is not a cognizable "claim" or a cognizable "defense" under RCFC 24(b)(2). *Contra, CHE Consulting, Inc. v. United States*, 71 Fed. Cl. 634, 635 (2006).

CCSi has not articulated good grounds for intervention under RCFC 24(a) or RCFC 24(b). CCSi's Motion should be denied.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
Virginia State Bar Number 03135
January 10th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Management Solutions & Systems, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Wednesday, January 10th, 2007 a true and complete copy of this Opposition to Motion to Intervene filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Roger Allen Hipp, Esq.

Electronic Mail: Roger.Hipp@usdoj.gov

Attorney of record for Defendant,
U.S. Department of Housing and Urban Development.

I also certify, under penalty of perjury, that on Wednesday, January 10th, 2007 a true and complete copy of this Opposition to Motion to Intervene was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Andrew P. Hallowell, Esq.

Electronic Mail: ahallowell@pandhlaw.com

Attorney of record for
Creative Computing Solutions, Incorporated.