# In the United States Court of Federal Claims
# Bid Protest

| | | |
|---|---|---|
| MANAGEMENT SOLUTIONS & SYSTEMS, INCORPORATED, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-7C |
| | ) | Judge Susan G. Braden |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Pursuant to RCFC 7.2(a), Management Solutions & Systems, Incorporated (MSSI), a Maryland corporation and a small, disadvantaged, and service-disabled veteran-owned business, Plaintiff herein, hereby Opposes the Motion by the U.S. Department of Housing and Urban Development (HUD) to Dismiss as Moot the Post-Award Procurement Protest Complaint filed by MSSI in this Case on Friday, January 5th, 2007.

MSSI's Post-Award Procurement Protest Complaint sets out two Claims for Relief: (1) a Claim for Relief from HUD's override of the statutory stay imposed by 31

U.S.C. § 3553(d)(3)(A) as a result of the Protest (B-299235) filed by MSSI with the United States Government Accountability Office on Wednesday, December 6th, 2006; and (2) a Claim for Relief from HUD's transfer to an 8(a) Contract, 15 U.S.C. § 637(a)(1), between HUD and the United States Small Business Administration of the help desk support services that are being delivered by MSSI. This transfer was made on Friday, December 1st, 2006 and services are to be delivered under the 8(a) Contract beginning Monday, January 1st, 2007.

The gravamen of this second Claim for Relief is that HUD made this transfer, upon approval by the United States Small Business Administration, without the United States Small Business Administration first considering whether or not this transfer would have an adverse impact on MSSI. This determination is required by 13 C.F.R. § 124.504(c) and it is clear from the Administrative Record (filed here on Wednesday, January 10th, 2007) that this determination has not been made.

The United States Small Business Administration made an adverse impact determination on September 28th, 2005 when the 8(a) Contract between HUD and the United States Small Business Administration was first concluded. Administrative Record, at A11. But there was no such determination by the United States Small

Business Administration when the 8(a) Contract was modified in December 2006 to combine the help desk support services being delivered by MSSI with the help desk support services being delivered under the 8(a) Contract. Administrative Record, at A96-A97.

Late in the morning on Wednesday, January 10th, 2007 the United States Government Accountability Office dismissed MSSI's Protest. This Dismissal results only from the United States Government Accountability Office's refusal to decide *any* matter where that same matter is pending before a Court of competent jurisdiction:

> Although the specific legal issue before the Court noted above has not been raised with our Office, the protest filed by Management Solutions with our Office challenges the same core action—specifically HUD's transfer of work from Management Solutions to CCSi.[†] Because the propriety of this transfer of work is both before the Court and our Office, and the court's ultimate

[†] Creative Computing Solutions, Incorporated (CCSi) is a subcontractor to the United States Small Business Administration under Contract Number C-DEN-02014. Contract Number C-DEN-02014 became effective on September 28th, 2005 and Contract Number C-DEN-02014 has a three-year term. Administrative Record, at A12-A42. Modification Number M0009 to Contract Number C-DEN-020-14, Administrative Record, at A77-A92, transfers to CCSi the help desk support services being delivered to HUD by MSSI under Contract Number C-OPC-23028. Modification Number M0009 has an effective date of December 1st, 2006.

> disposition of the matter, which would take precedence over a GAO decision on the protest, could render a decision by our Office academic, we dismiss the protest. . . .

*Management Solutions & Systems, Inc.*, B-299235, January 10th, 2007, at 2.

Now HUD requests that the Court dismiss this Case as moot:

> Because MSSI's protest at GAO is no longer pending, its challenge to HUD's override of the stay that MSSI claims arose from that protest is extinguished. The dismissal of the protest by GAO eliminates the basis upon which the stay could have arisen. Thus, this action to enforce or reinstate the CICA stay pending a decision by GAO is moot. . . .

Defendant's Motion to Dismiss, at pages 1-2.

But what about MSSI's second Claim for Relief? Neither the United States Government Accountability Office nor this Court has spoken to the merits of this second Claim for Relief. MSSI's second Claim for Relief does not depend on MSSI's success, *vel non*, on MSSI's first Claim for Relief. Whether or not HUD is free to allow CCSi to proceed with performance of Modification Number M0009 pending a ruling on the merits of MSSI's second Claim for Relief, MSSI's challenge to Modification Number M0009 is still before this Court.

It was also late in the morning on Wednesday, January 10th, 2007 when this Court convened a hearing on MSSI's Motion for a Preliminary Injunction and on

MSSI's request for Declaratory Relief. *E.g., Maden Tech Consulting, Inc. v. United States and Beta Analytics International, Inc.*, Fed. Cl. Nos. 06-585C, 06-612C, December 29th, 2006, *2006 U.S. Claims LEXIS 403, *8-*9, *25-*26.*

At this hearing there was before the Court the Administrative Record, and there MSSI offered *viva voce* evidence from two witnesses, this in support of MSSI's burden of establishing a likelihood of success on the merits, *see, e.g., Delbert Wheeler Construction, Inc. v. United States*, 39 Fed. Cl. 239, 251 (1997), *aff'd*, 155 F.3d 566 (Fed. Cir. 1998), *viz.* MSSI's Claim that HUD's transfer to the 8(a) Contract between HUD and the United States Small Business Administration of the help desk support services that are being delivered by MSSI is unlawful because it was accomplished without the adverse impact determination that is required by 13 C.F.R. § 124.504(c).

HUD had a complete opportunity at this hearing to cross-examine these MSSI witnesses, yet HUD offered nothing in rebuttal save the Administrative Record which contains, among other things, the Override Determination that is purportedly dated Thursday, December 28th, 2006. Contrary to Federal Acquisition Regulation 33.104(c)

this Override Determination was never provided to the United States Government Accountability Office.

One of MSSI's witnesses at the hearing explained the importance of a decision on the merits in this Post-Award Procurement Protest to MSSI's proposed Plan of Reorganization that is now before the United States Bankruptcy Court for the District of Maryland, *In re Management Solutions & Systems, Inc.*, Bankruptcy Petition No. 06-11211. Although MSSI continues the operation of its business as a debtor-in-possession, 11 U.S.C. §§ 1107, 1108, the Override Determination sees this Bankruptcy as an obstacle, Administrative Record, at A5, to a "best interests" determination under 31 U.S.C. § 3553(d)(3)(C)(i)(I) that might permit MSSI to continue to deliver help desk support services under a successor Task Order Contract.[‡]

[‡] MSSI's Contract Number C-OPC-23028, Administrative Record, at A49-A76, is a Task Order Contract placed against a General Services Administration Schedule Contract, Contract Number GS-35P-5347H. A successor to this Task Order Contract could be easily placed in accordance with Federal Acquisition Regulation §§ 8.405-1, 8.405-2, and this placement would be exempt from the sole-source justification requirements of Federal Acquisition Regulation Part 6. Federal Acquisition Regulation 8.405-6.

While a determination on MSSI's first Claim for Relief, reinstatement of the statutory stay, might now be obtained by filing a second Complaint, *Maden Tech*, *2006 U.S. Claims LEXIS 403, *11-*12*, a ruling on the merits, MSSI's second Claim for Relief, is the paramount consideration here. The proceedings before the United States Bankruptcy Court for the District of Maryland offer that which is promised by Congress—rehabilitation of the debtor and a fresh start. *In re Exquisito Services, Inc.*, 823 F.2d 151, 153 (5th Cir. 1987).

The Court now has before it all of the evidence necessary and indeed, available, to make a ruling on the merits, a ruling on MSSI's second Claim for Relief. MSSI thus opposes the Motion to Dismiss as it pertains to MSSI's second Claim for Relief.

MSSI asks the Court to set Friday, January 19th, 2007 as the date for submission of briefs on the merits, briefs on MSSI's second Claim for Relief, and MSSI asks the Court thereafter to rule on the merits, i.e. whether or not HUD's transfer to the 8(a) Contract between HUD and the United States Small Business Administration of the help desk support services that are being delivered by MSSI passes muster under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), 28 U.S.C. § 1491(b)(4), whether or not HUD's action is arbitrary and capricious because HUD and the

United States Small Business Administration have "entirely failed to consider an important aspect of the problem." *See Motor Vehicle Manufacturer's Asso. of the United States, Inc. v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 43 (1983).

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
Virginia State Bar Number 03135
January 11th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

| | |
|---|---|
| Telephone: | (202) 466-7008 |
| Facsimile: | (202) 466-7009 |
| Electronic Mail: | lawyer@procurement-lawyer.com |

Attorney of record for Plaintiff,
Management Solutions & Systems, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on Thursday, January 11th, 2007 a true and complete copy of this Opposition to Motion to Dismiss was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Roger Allen Hipp, Esq.

Electronic Mail: Roger.Hipp@usdoj.gov

Attorney of record for Defendant,
U.S. Department of Housing and Urban Development.

I also certify under penalty of perjury that on Thursday, January 11th, 2007 a true and complete copy of this Opposition to Motion to Dismiss was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Andrew P. Hallowell, Esq.

Electronic Mail: ahallowell@pandhlaw.com

Attorney of record for
Creative Computing Solutions, Incorporated.