IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| MANAGEMENT SOLUTIONS &<br>SYSTEMS, INCORPORATED, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-7C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

In our motion to dismiss, we argued that the complaint is moot because: (1) the primary relief sought by plaintiff, Management Solutions & Systems, Inc. ("MSSI"), was reinstatement of the automatic stay provided by the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3553(c), pending a decision from the Government Accountability Office ("GAO"); and (2) the GAO's dismissal of MSSI's protest on January 10, 2007, eliminated the basis for the CICA stay (assuming that CICA ever applied to this contract modification, which we deny).

MSSI's brief implicitly acknowledges that the complaint is moot with respect to the complaint's first claim for relief, which was reinstatement of the CICA stay. MSSI argues, however, that its second claim for relief, which alleges that the contract at issue was modified in violation of a Small Business Administration regulation, is still alive.

We filed a motion to dismiss the entire complaint because we did not interpret the complaint as seeking both CICA relief and merits relief in this action. It was our understanding that MSSI wished to have the merits adjudicated in the first instance by GAO, which presumably was the premise of the request to reinstate the CICA stay.

At this point, it is unclear how MSSI intends to proceed. It was never possible for MSSI to litigate the CICA stay and the underlying merits simultaneously in this Court. Now that GAO has dismissed its protest, MSSI's brief appears to retroactively characterize the complaint as being one for merits relief. Has MSSI elected to proceed upon the merits in this Court, rather than return to GAO? If so, then MSSI should amend its complaint to reflect this election, and acknowledge that the GAO proceedings and the January 10 hearing in this Court were a waste of time and resources for all concerned. Or does MSSI intend to revive its request to implement the CICA stay? MSSI's brief purports to reserve this option at p. 7: "[A] determination on MSSI's first Claim for Relief, reinstatement of the statutory stay, might now be obtained by filing a second Complaint . . . ." If so, then the merits of the underlying claim are not before the Court, and the current complaint should be either amended by MSSI or dismissed by the Court.

Plaintiff's brief inaccurately claims that the merits of the second claim for relief were before the Court at the January 10, 2007, hearing on the motion for a preliminary injunction. In fact, the only issue before the Court at the hearing, which was held only four days after the complaint was filed, was the motion for a preliminary injunction to implement the CICA stay. MSSI did not request any relief at the hearing with respect to the second claim for relief, nor did it give any notice that it intended for the parties to present evidence concerning the second claim for relief. The merits of the contract modification simply were not before the Court on January 10.

Finally, MSSI's request for an expedited briefing schedule for the second claim for relief should be deferred until MSSI has clarified which of the inconsistent claims in the complaint it intends to pursue and which it intends to abandon.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
Attn: Class. Unit - 8th Fl.
Washington, D.C. 20530
Tel.: (202) 305-3091

January 29, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 29, 2007, a copy of foregoing "DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp