# In the United States Court of Federal Claims
## Bid Protest

| | | |
|---|---|---|
| MANAGEMENT SOLUTIONS & SYSTEMS, INCORPORATED, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-7C |
| | ) | Judge Susan G. Braden |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REJOINDER TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Pursuant to RCFC 7.2(c) Management Solutions & Systems, Incorporated (MSSI), a Maryland corporation and a small, disadvantaged, and service-disabled veteran-owned business, Plaintiff herein, hereby responds to the Reply by the U.S. Department of Housing and Urban Development (HUD) in support of HUD's Motion to Dismiss as Moot the Post-Award Procurement Protest Complaint filed by MSSI in this Case on Friday, January 5th, 2007.

MSSI's Post-Award Procurement Protest Complaint clearly set out two Claims for Relief: (1) a Claim for Relief from HUD's override of the statutory stay imposed by 31 U.S.C. § 3553(d)(3)(A) as a result of the Protest (B-299235) filed by MSSI with the United States Government Accountability Office on Wednesday, December 6th, 2006; and (2) a Claim for Relief from HUD's transfer to an 8(a) Contract, 15 U.S.C. § 637(a)(1), between HUD and the United States Small Business Administration of the help desk support services that were being delivered by MSSI.

The gravamen of the second Claim for Relief is that HUD made this transfer, upon approval by the United States Small Business Administration, without the United States Small Business Administration first considering whether or not this transfer would have an adverse impact on MSSI. This determination is required by 13 C.F.R. § 124.504(c) and it is clear from the Administrative Record (filed here on Wednesday, January 10th, 2007) that this determination has not been made.

Yes, it is true that MSSI wished to have the merits adjudicated in the first instance by the United States Government Accountability Office. Defendant's Reply, at p.1. But this option vanished when late in the morning on Wednesday, January

10th, 2007 the United States Government Accountability Office dismissed MSSI's Protest.

It has been abundantly clear since January 11th, 2007 when MSSI filed its Opposition to the Motion to Dismiss that MSSI now wishes to go forward on the merits of MSSI's second Claim for Relief. Allowing MSSI now to do so is in full compliance with the commands of RCFC 8(a)(2) and RCFC 8(f). *M.A. DeAtley Construction, Inc. v. United States*, 71 Fed. Cl. 370, 372-73 (2006).

Lest there be any remaining confusion, MSSI herewith moves for dismissal of its first Claim for Relief.

Per MSSI's second Claim for Relief HUD is now operating under a patently unlawful Contract, Modification Number M0009 to Contract Number C-DEN-02014, by reason of the failure to first obtain the adverse impact determination required by 13 C.F.R. § 124.504(c). The Court can now remedy MSSI's second Claim for Relief with a Declaration that Modification Number M0009 to Contract Number C-DEN-02014 is unlawful because it is in violation of 13 C.F.R. § 124.504(c), *Maden Tech Consulting, Inc. v. United States and Beta Analytics International, Inc.*, Fed. Cl. Nos. 06-585C, 06-612C, December 29th, 2006, *2006 U.S. Claims LEXIS 403 *25-*26*,

coupled with an Order compelling the prompt termination of Modification Number M0009 to Contract Number C-DEN-02014.

One of MSSI's witnesses at the hearing of January 10th, 2007 explained the importance of a decision on the merits in this Post-Award Procurement Protest to MSSI's proposed Plan of Reorganization that is now before the United States Bankruptcy Court for the District of Maryland, *In re Management Solutions & Systems, Inc.*, Bankruptcy Petition No. 06-11211. An immediate ruling on MSSI's second Claim for Relief remains as the paramount consideration here.

The Court now has before it all of the evidence necessary and indeed, available, to make a ruling on the merits, a ruling on MSSI's second Claim for Relief. MSSI thus again asks the Court to establish an expedited schedule for disposition of this matter on Cross-Motions for Summary Judgment.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
Virginia State Bar Number 03135
February 5th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Management Solutions & Systems, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on Monday, February 5th, 2007 a true and complete copy of this Rejoinder to Defendant's Reply in Support of Motion to Dismiss was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Roger Allen Hipp, Esq.

Electronic Mail: Roger.Hipp@usdoj.gov

Attorney of record for Defendant,
U.S. Department of Housing and Urban Development.

I also certify under penalty of perjury that on Monday, February 5th, 2007 a true and complete copy of this Rejoinder to Defendant's Reply in Support of Motion to Dismiss was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Andrew P. Hallowell, Esq.

Electronic Mail: ahallowell@pandhlaw.com

Attorney of record for
Creative Computing Solutions, Incorporated.