# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Bid Protest**
**Number 07-07C**
**Judge Susan G. Braden**

**MANAGEMENT SOLUTIONS & SYSTEMS, INCORPORATED,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**and**

**CREATIVE COMPUTING SOLUTIONS, INCORPORATED,**

**Defendant-Intervenor.**

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

Cyrus E. Phillips, IV
1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Attorney of record for Plaintiff,
Management Solutions & Systems, Incorporated.

February 12th, 2007

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

QUESTIONS INVOLVED .......... 1

I. HAS MSSI ESTABLISHED THAT THE PROCUREMENT PROCEDURE HERE AT ISSUE, MODIFICATION NUMBER M0009 TO 8(A) SUBCONTRACT NUMBER C-DEN-02014, WAS MADE IN VIOLATION OF REGULATION OR PROCEDURE? .......... 1

II. WAS THIS VIOLATION OF REGULATION OR PROCEDURE SIGNIFICANT, AND WAS IT PREJUDICIAL TO MSSI? .......... 1

STATEMENT OF THE CASE .......... 1-9

ARGUMENT .......... 9-11

I. MODIFICATION NUMBER M0009 TO 8(A) SUBCONTRACT NUMBER C-DEN-02014 IS UNLAWFUL BECAUSE IT IS MADE IN VIOLATION OF THE "ADVERSE IMPACT" RULE. .......... 9-11

II. MODIFICATION NUMBER M0009 TO 8(A) SUBCONTRACT NUMBER C-DEN-02014 IS A SIGNIFICANT AND PREJUDICIAL ERROR .......... 11

CONCLUSION .......... 12-13

CERTIFICATE OF SERVICE .......... 14

# TABLE OF AUTHORITIES

**STATUTES**

11 U.S.C. §§ 1101-1330 .......... 1

11 U.S.C. §§ 1107, 1108 .......... 1

15 U.S.C. § 637(a)(1) .......... *passim*

28 U.S.C. § 451 .......... 2

28 U.S.C. § 1491(b)(1) .......... 2

42 U.S.C. § 3532 .......... 2

**REGULATIONS**

13 C.F.R. § 124.504(c) .......... 5-6, 8-9, 10

13 C.F.R. § 124.504(c)(2) .......... 8, 10

13 C.F.R. § 124.508(a)(2) .......... 5

Federal Acquisition Regulation 19.805-1(a) .......... 4

**CASES**

*Impreza Construzioni Geom. Domenico Garufi v. United States*,
238 F.3d 1324 (Fed. Cir. 2001) .......... 11

*Maden Tech Consulting, Inc. v. United States*,
*2006 U.S. Claims LEXIS 403* .......... 12

*PGBA, LLC v. United States*,
57 Fed. Cl. 655 (2003) .......... 11

# PLAINTIFF'S BRIEF IN SUPPORT OF
# PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

---

## QUESTIONS INVOLVED

---

I. Has MSSI established that the procurement procedure here at issue, Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014, was made in violation of regulation or procedure?

II. Was this violation of regulation or procedure significant, and was it prejudicial to MSSI?

---

## STATEMENT OF THE CASE

---

### PARTIES

MSSI is a closely-held Maryland corporation whose stock is not publicly traded. Statement of Facts, Number 1.

MSSI filed a voluntary petition for re-organization under Title 11 of the Bankruptcy Act, 11 U.S.C. §§ 1101-1330, on March 7th, 2006 and proceedings are pending in the United States Bankruptcy Court for the District of Maryland, *In re Management Solutions & Systems, Inc.*, Bankruptcy Petition No. 06-11211. MSSI continues the operations of its business as a debtor-in-possession. 11 U.S.C. §§ 1107, 1108. *Id.*

MSSI is a minority-owned business, a self-certified small disadvantaged business, and a service-disabled veteran-owned business that commenced operations in 1997. *Id.*

Creative Computing Solutions, Incorporated, 1901 Research Boulevard, Suite 600, Rockville, Maryland 20850-3292 (CCSi) is a Maryland S Corporation which commenced operations in 1992. Statement of Facts, Number 2.

CCSi is a minority-owned business and an Asian-American woman-owned business. *Id.*

Defendant is the U.S. Department of Housing and Urban Development (HUD). HUD is an Executive Department. 42 U.S.C. § 3532. HUD is an "agency" just as that term is defined in 28 U.S.C. § 451, and thus HUD is also a "Federal agency" as is required by 28 U.S.C. § 1491(b)(1). The procurement challenged here, a sole-source Modification to an 8(a) Subcontract, is being conducted by HUD's Western (Denver) Field Contracting Operations, Denver, Colorado. Statement of Facts, Number 3.

## THE CONTRACTS

### MSSI'S COMPETITIVE CONTRACT

As a result of a Competition for a small business set-aside, MSSI was awarded Contract Number C-OPC-22140 with an effective date of July 1st, 2002. Contract Number C-OPC-22140 required the delivery of help desk support services to HUD's Office of Public and Indian Housing. MSSI assumed these help desk support services from another contractor, and MSSI transitioned these help desk support services to performance off-site at MSSI's facility. MSSI has been deliver-

ing these help desk support services with a staff of some twelve people. The performance period under Contract Number C-OPC-22140 was subsequently extended through December 31st, 2005. Statement of Facts, Number 4.

MSSI has received "Outstanding" ratings in all categories associated with this Contract, and MSSI has maintained exemplary performance ratings that are documented in the National Institutes of Health Contractor Performance System database. Statement of Facts, Number 5.

On January 6th, 2006 MSSI was awarded a bridge Contract, Contract Number C-OPC-22975, for continuation of these help desk support services through June 30th, 2006. On June 28th, 2006 MSSI was awarded a second bridge Contract, Contract Number C-OPC-23028, to continue these help desk support services through December 31st, 2006. This second bridge Contract was effective for the period July 1st, 2006 through December 31st, 2006. Statement of Facts, Number 6.

MSSI's Contract Number C-OPC-23028 is a Task Order Contract placed against a General Services Administration Schedule Contract, Contract Number GS-35P-5347H. Contract Number GS-35P-5347H is a Schedule 70 Contract for general-purpose information technology equipment, software, and services. Contract Number GS-35P-5347H is effective through May 18th, 2008. *Id*.

In calendar year 2006, MSSI will receive from HUD $1,833,000 for the help desk support services that MSSI is delivering on HUD's account under Contract Number C-OPC-22975 and under Contract Number C-OPC-23028. MSSI's total gross sales for calendar year 2006 will be

$4,657,185. Thus in calendar year 2006 MSSI received 39 percent of its annual gross sales under Contract Number C-OPC-22975 and Contract Number C-OPC-23028. Statement of Facts, Number 7.

PROPOSED COMPETITIVE FOLLOW-ON PROCUREMENTS

On September 8th, 2005 HUD issued a Presolicitation Notice for proposed Solicitation Number R-OPC-22889. This proposed Solicitation is a competitive small business set-aside for a proposed twelve-month Contract with two twelve-month option periods. The Contract proposed by this Solicitation is for the continuation of the help desk support services delivered by MSSI under Contracts Number C-OPC-22140, C-OPC-22975, and C-OPC-23028. Proposed Solicitation Number R-OPC-22889 was modified on March 7th, 2006, and now proposed Solicitation Number R-OPC-22889 was announced for electronic release on or about May 31st, 2006. Proposed Solicitation Number R-OPC-22889 has yet to be released. Statement of Facts, Number 8.

CCSI'S 8(A) SUBCONTRACT

In 2005 HUD's Western (Denver) Field Contracting Operations issued a Solicitation for a competition among 8(a), 15 U.S.C. § 637(a)(1), Subcontractors to provide support services to operate a Technical Assistance Center for HUD's Real Estate Assessment Center. These competitions are limited to 8(a) firms, Federal Acquisition Regulation 19.805-1(a). MSSI did not participate in this 8(a) Subcontract competition because MSSI is not an 8(a) firm. Statement of Facts, Number 9.

On September 28th, 2005 the United States Small Business Administration's Washington Metropolitan Area District Office accepted CCSi as a 8(a) Subcontractor for this HUD requirement for support services. The United States Small Business Administration's Washington Metropolitan Area Office District Office made an explicit finding that the United States Small Business Administration's "acceptance of this procurement will cause no adverse impact on another small business concern." Statement of Facts, Number 10.

On September 28th, 2005 HUD's Western (Denver) Field Contracting Operations issued 8(a) Subcontract Number C-DEN-02014 to CCSi. This 8(a) Subcontract is effective for a base year of twelve months and may be extended for two twelve-month option periods. The estimated total value of 8(a) Subcontract Number C-DEN-02014 is $4,268,508.36. Upon a delegation from the United States Small Business Administration 8(a) Subcontracts may be executed directly between a procuring activity and an 8(a) Business Development Program participant. 13 C.F.R. § 124.508(a)(2). Statement of Facts, Number 11.

THE "ADVERSE IMPACT" RULE

Regulations adopted by the United States Small Business Administration and published in the CODE OF FEDERAL REGULATIONS limit the United States Small Business Administration's ability to accept any procurement as an 8(a) Subcontract. Among these limitations is an "Adverse Impact." This is defined as follows:

> (c) *Adverse impact.* SBA has made a written determination that acceptance of the procurement for 8(a) award would have an adverse impact on an individual small busi-

> ness, a group of small businesses located in a specific geographical location, or other small business programs. *The adverse impact concept is designed to protect small business concerns which are performing Government contracts awarded outside the 8(a) BD program*, and does not apply to follow-on or renewal 8(a) acquisitions. SBA will not consider adverse impact with respect to any requirement offered to the 8(a) program under Simplified Acquisition Procedures.
>
> (1) In determining whether the acceptance of a requirement would have an adverse impact on an individual small business, SBA will consider all relevant factors.
>
> (i) In connection with a specific small business, SBA presumes adverse impact to exist where:
>
> (A) The small business concern has performed the specific requirement for at least 24 months;
>
> (B) The small business is performing the requirement at the time it is offered to the 8(a) BD program, or its performance of the requirement ended within 30 days of the procuring activity's offer of the requirement to the 8(a) BD program; and
>
> (C) The dollar value of the requirement that the small business is or was performing is 25 percent or more of its most recent annual gross sales (including those of its affiliates). For a multiyear requirement, the dollar value of the last 12 months of the requirement will be used to determine whether a small business would be adversely affected by SBA's acceptance.
>
> (ii) Except as provided in paragraph (c)(2) of this section, adverse impact does not apply to "new" requirements. A new requirement is one which has not been previously procured by the relevant procuring activity. . . .

13 C.F.R. § 124.504 (Emphasis added). Statement of Facts, Number 12.

The United States Small Business Administration's Washington Metropolitan Area Office District Office made just such an "Adverse Impact" determination before 8(a) Subcontract Number C-DEN-02014 was issued to CCSi. Statement of Facts, Number 13.

MSSI was not then performing, and has not since performed, the support services which are the subject of 8(a) Subcontract Number C-DEN-02014. Instead MSSI was providing support services for Coaches at HUD's Public and Indian Housing Information Center. These "Coaches" are HUD

Public and Indian Housing field office employees. MSSI's support services are delivered off-site from MSSI's Headquarters in Prince George's County, Maryland. *Id*.

The support services being delivered by CCSi under 8(a) Subcontract Number C-DEN-02014 are to provide telephone and other support services for HUD's Real Estate Assessment Center, and they concern the physical and financial condition of the portfolio of properties which constitute HUD's public housing stock. CCSi's support services are delivered from premises leased by HUD in downtown Washington, D.C. *Id*.

HUD'S UNLAWFUL CONSOLIDATION OF REQUIREMENTS

In August 2006 HUD's Real Estate Assessment Center commenced discussions with HUD's Western (Denver) Field Contracting Operations about adding the support services then being delivered by MSSI to the support services then being delivered by CCSi. MSSI was not given any notice that these support services would be consolidated. Statement of Facts, Number 14.

In an electronic message dated December 1st, 2006 MSSI learned that 8(a) Subcontract Number C-DEN-02014 had been modified on that day to add to 8(a) Subcontract Number C-DEN-02014 the help desk support services that were being delivered by MSSI under Contract Number C-OPC-23038. Statement of Facts, Number 15.

Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 adds to the support services then being delivered by CCSi the support services that were then being delivered by MSSI.

Modification Number M0009 is effective as of December 1st, 2006. Modification Number M0009 includes transition costs of $18,456.06 through December 31st, 2006. *Id.*

Where Agency requirements are "new" because they are combined, as here, the United States Small Business Administration still must determine whether or not an "Adverse Impact" exists:

> (2) In determining whether the acceptance of a requirement would have an adverse impact on a group of small businesses, SBA will consider the effects of combining or consolidating various requirements being performed by two or more small business concerns into a single contract which would be considered a "new" requirement as compared to any of the previous smaller requirements. SBA may find adverse impact to exist if one of the existing small business contractors meets the presumption set forth in paragraph (c)(1)(i) of this section.

13 C.F.R. § 124.504(c). Statement of Facts, Number 16.

The United States Small Business Administration has here made no determination whether or not an Adverse Impact exists as a result of HUD's transferring to CCSi under Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 the help desk support services being delivered by MSSI under Contract Number C-OPC-23028 between MSSI and HUD. Statement of Facts, Number 17.

An "Adverse Impact" determination was required: (1) because MSSI had been performing help desk support services for at least 24 months in December 2006 (in fact, MSSI had been successfully performing these services since July 2002), 13 C.F.R. § 124.504(c)(1)(i)(A); (2) because MSSI was performing these help desk support services in December 2006 when they were offered to the 8(a) Business Development Program (indeed, MSSI was performing these help desk support services in

September 2005 when 8(a) Subcontract Number C-DEN-02014 was issued to CCSi), 13 C.F.R. § 124.504(c)(1)(i)(B); and (3) the dollar value of the requirement that MSSI was performing in 2006 was 25 percent or more of MSSI's gross sales for the last 12 months (the help desk support services being delivered by MSSI were in fact 39 percent of MSSI's annual gross sales), 13 C.F.R. § 124.504(c)-(1)(i)(C). *Id.*

MSSI has never been contacted by the United States Small Business Administration or by HUD concerning the financial impact on MSSI of the consolidation of support services put in place with Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014. *Id.*

The only determinations made by the United States Small Business Administration concerning Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 are: (1) that CCSi is "in compliance with 8(a) program rules & regulations" and (2) that CCSi is "eligible for additional work." Statement of Facts, Number 18.

## ARGUMENT

### I. Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 is Unlawful Because it is Made in Violation of the "Adverse Impact" Rule.

Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 is clearly unlawful because it is made in violation of the United States Small Business Administration's "Adverse Impact" Rule, 13 C.F.R. § 124.504(c). And the United States Small Business Administration's "Adverse Im-

pact" Rule clearly applies to this consolidation of requirements being performed by small business contractors. 13 C.F.R. § 124.504(c)(2).

An "Adverse Impact" determination was required: (1) because MSSI had been performing help desk support services for at least 24 months in December 2006 (in fact, MSSI had been successfully performing these services since July 2002), 13 C.F.R. § 124.504(c)(1)(i)(A); (2) because MSSI was performing these help desk support services in December 2006 when they were offered to the 8(a) Business Development Program (indeed, MSSI was performing these help desk support services in September 2005 when 8(a) Subcontract Number C-DEN-02014 was issued to CCSi), 13 C.F.R. § 124.504(c)(1)(i)(B); and (3) the dollar value of the requirement that MSSI was performing in 2006 was 25 percent or more of MSSI's gross sales for the last 12 months (the help desk support services being delivered by MSSI were in fact 39 percent of MSSI's annual gross sales), 13 C.F.R. § 124.504(c)-(1)(i)(C).

The "Adverse Impact" Rule applies to this consolidation in December 2006 of HUD requirements being performed by two different small businesses: (a) MSSI's performance of help desk support services for HUD's Office of Public and Indian Housing under Contract Number C-OPC-23038, and (b) CCSi's performance under 8(a) Subcontract Number C-DEN-02014 of help desk support services for HUD's Real Estate Assessment Center. 13 C.F.R. § 124.504(c)(2).

With this obvious and apparent violation of regulation, Modification Number M0009 must be set aside. *Impreza Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001).

**II. Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 is a Significant and Prejudicial Error.**

Given the impeding issuance under proposed Solicitation Number R-OPC-22889 of a competitive follow-on procurement for the help desk support services that MSSI was delivering to HUD's Office of Public and Indian Housing, issuance of Modification Number M0009 to 8(a) Subcontract C-DEN-02014 is a significant error. But for this Modification Number M0009, MSSI would have an opportunity to again compete for these support services. But with Modification Number M0009, HUD's requirement for these support services has been removed from the competitive arena through September 28th, 2008, when 8(a) Subcontract Number C-DEN-02014 will expire by its terms.

Such a lost opportunity to compete, and the competitive advantage to CCSi which will accrue through performing Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 through September 28th, 2008 is just the sort of significant, prejudicial error that warrants relief. *PGBA, LLC v. United States*, 57 Fed. Cl. 655, 644 (2003).

## CONCLUSION

For all of the reasons set forth in the foregoing Brief in Support of Plaintiff's Motion for Judgment on the Administrative Record, MSSI respectfully requests that the Court enter Judgment for MSSI on this Administrative Record, RCFC 52.1(b), together with: (1) a Declaration that Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 is unlawful because Modification Number M0009 is in violation of 13 C.F.R. § 124.504(c), *Maden Tech Consulting, Inc. v. United States and Beta Analytics International, Inc.*, Fed. Cl. Nos. 06-585C, 06-612C, December 29th, 2006, *2006 U.S. Claims LEXIS 403 *25-*26*; (2) an Order compelling the prompt termination of Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014; and (3) such further and other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV

District of Columbia Bar Number 456500,
Virginia State Bar Number 03135
February 12th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Management Solutions & Systems, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Monday, February 12th, 2007 a true and complete copy of this Plaintiff's Brief in Support of Motion for Judgment on the Administrative Record was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Roger Allen Hipp, Esq.

Electronic Mail: Roger.Hipp@usdoj.gov

Attorney of record for Defendant,
U.S. Department of Housing and Urban Development.

I also certify, under penalty of perjury, that on Monday, February 12th, 2007 a true and complete copy of this Plaintiff's Brief in Support of Motion for Judgment on the Administrative Record was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Andrew P. Hallowell, Esq.

Electronic Mail: ahallowell@pandhlaw.com

Attorney of record for Defendant-Intervenor,
Creative Computing Solutions, Incorporated.

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV