IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| MANAGEMENT SOLUTIONS & SYSTEMS, INCORPORATED, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-7C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S COUNTER-STATEMENT OF FACTS

Pursuant to Rule 52.1(b) of the Rules of this Court ("RCFC"), defendant, the United States, respectfully submits this counter-statement to the statement of facts filed by plaintiff, Management Solutions & Systems, Inc. ("MSSI"), as follows:

1. MSSI is a closely-held Maryland corporation whose stock is not publicly traded. MSSI filed a voluntary petition for re-organization under Title 11 of the Bankruptcy Act, 11 U.S.C. §§ 1101-1330, on March 7th, 2006 and proceedings are pending in the United States Bankruptcy Court for the District of Maryland, In re Management Solutions & Systems, Inc., Bankruptcy Petition No. 06-11211. MSSI continues the operations of its business as a debtor-in-possession. 11 U.S.C. §§ 1107, 1108. Administrative Record, at A47-A48.

MSSI is a minority-owned business, a self-certified small disadvantaged business, and a service-disabled veteran-owned business that commenced operations in 1997.

RESPONSE: The first paragraph is not disputed. The second paragraph is disputed because it refers to matters outside the administrative record.

2. Creative Computing Solutions, Incorporated, 1901 Research Boulevard, Suite 600, Rockville, Maryland 20850-3292 (CCSi) is a Maryland S Corporation which commenced operations in 1992.

CCSi is a minority-owned business and an Asian-American woman-owned business.

RESPONSE: Disputed. Refers to matters outside the administrative record.

3. Defendant is the U.S. Department of Housing and Urban Development (HUD). HUD is an Executive Department. 42 U.S.C. § 3532. HUD is an "agency" just as that term is defined in 28 U.S.C. § 451, and thus HUD is also a "Federal agency" as is required by 28 U.S.C. § 1491(b)(1). Hewlett-Packard Co. v. United States, 41 Fed. Cl. 99, 103 (1998). The procurement challenged here is being conducted by HUD's Western (Denver) Field Contracting Operations, Denver, Colorado.

RESPONSE: The first sentence is disputed. The defendant in this case is the United States. The remaining sentences are not disputed.

4. As a result of a Competition for a small business set-aside, MSSI was awarded Contract Number C-OPC-22140 with an effective date of July 1st, 2002. Contract Number C-OPC-22140 required the delivery of help desk support services to HUD's Office of Public and Indian

Housing. MSSI assumed these help desk support services from another contractor, and MSSI transitioned these help desk support services to performance off-site at MSSI's facility. MSSI has been delivering these help desk support services with a staff of some twelve people. The performance period under Contract Number C-OPC-22140 was subsequently extended through December 31st, 2005.

RESPONSE: Disputed. Refers to matters outside the administrative record.

5. MSSI has received "Outstanding" ratings in all categories associated with this Contract, and MSSI has maintained exemplary performance ratings that are documented in the National Institutes of Health Contractor Performance System database.

RESPONSE: Disputed. Refers to matters outside the administrative record.

6. On January 6th, 2006 MSSI was awarded a bridge Contract, Contract Number C-OPC-22975, to continue these help desk support services through June 30th, 2006. On June 28th, 2006 MSSI was awarded a second bridge Contract, Contract Number C-OPC-23028, to continue these help desk support services through December 31st, 2006. This second bridge Contract was effective for the period July 1st, 2006 through December 31st, 2006. Administrative Record, at A49 through A76.

MSSI's Contract Number C-OPC-23028 is a Task Order Contract placed against a General Services Administration Schedule Contract, Contract Number GS-35P-5347H. Administrative Record, at A49. Contract Number GS-35P-5347H is a Schedule 70 Contract for general-purpose information technology equipment, software, and services. Contract Number

GS-35P-5347H is effective through May 18th, 2008.

RESPONSE: Not disputed that a task order for Contract No. C-OPC-23038 is part of the administrative record at A.R. 49-76. The remaining allegations of fact are disputed because they refer to matters outside the administrative record.

7. In calendar year 2006, MSSI will receive from HUD $1,833,000 for the help desk support services that MSSI is delivering on HUD's account under Contract Number C-OPC-22975 and under Contract Number C-OPC-23028. MSSI's total gross sales for calendar year 2006 will be $4,657,185. Thus in calendar year 2006 MSSI received 39 percent of its annual gross sales under Contract Number C-OPC-22975 and Contract Number C-OPC-23028. Transcript of Proceedings, January 10th, 2007 at page 17; Plaintiff's Exhibit 2.

RESPONSE: Disputed. Refers to matters outside the administrative record.

8. On September 8th, 2005 HUD issued a Presolicitation Notice for proposed Solicitation Number R-OPC-22889. This proposed Solicitation is a competitive small business set-aside for a proposed twelve-month Contract with two twelve-month option periods. The Contract proposed by this Solicitation is for the continuation of the help desk support services delivered by MSSI under Contracts Number C-OPC-22140, C-OPC-22975, and C-OPC-23028. Administrative Record, at A46. Proposed Solicitation Number R-OPC-22889 was modified on March 7th, 2006, and now proposed Solicitation Number R-OPC-22889 was announced for electronic release on or about May 31st, 2006. Proposed Solicitation Number ROPC-22889 has yet to be released. Administrative Record, at A43 through A45.

RESPONSE: Not disputed.

9. In 2005 HUD's Western (Denver) Field Contracting Operations issued a Solicitation for a competition among 8(a), 15 U.S.C. § 637(a)(1), Subcontractors to provide support services to operate a Technical Assistance Center for HUD's Real Estate Assessment Center. These competitions are limited to 8(a) firms, Federal Acquisition Regulation 19.805-1(a). MSSI did not participate in this 8(a) Subcontract competition because MSSI is not an 8(a) firm. Transcript of Proceedings, January 10th, 2007 at page 13.

RESPONSE: Disputed. Refers to matters outside the administrative record.

10. On September 28th, 2005 the United States Small Business Administration's Washington Metropolitan Area District Office accepted CCSi as a 8(a) Subcontractor for this HUD requirement for support services. The United States Small Business Administration's Washington Metropolitan Area Office District Office made an explicit finding that the United States Small Business Administration's "acceptance of this procurement will cause no adverse impact on another small business concern." Administrative Record, at A11.

RESPONSE: Not disputed.

11. On September 28th, 2005 HUD's Western (Denver) Field Contracting Operations issued 8(a) Subcontract Number C-DEN-02014 to CCSi. This 8(a) Subcontract is effective for a base year of twelve months and may be extended for two twelve-month option periods. Administrative Record, at A13. The estimated total value of 8(a) Subcontract Number

C-DEN-02014 is $4,268,508.36. Upon a delegation from the United States Small Business Administration 8(a) Subcontracts may be executed directly between a procuring activity and an 8(a) Business Development Program participant. 13 C.F.R. § 124.508(a)(2).

RESPONSE: Not disputed.

12. Regulations adopted by the United States Small Business Administration and published in the CODE OF FEDERAL REGULATIONS limit the United States Small Business Administration's ability to accept any procurement as an 8(a) Subcontract. Among these limitations is an "Adverse Impact." This is defined as follows:

> (c) Adverse impact. SBA has made a written determination that acceptance of the procurement for 8(a) award would have an adverse impact on an individual small business, a group of small businesses located in a specific geographical location, or other small business programs. The adverse impact concept is designed to protect small business concerns which are performing Government contracts awarded outside the 8(a) BD program, and does not apply to follow-on or renewal 8(a) acquisitions. SBA will not consider adverse impact with respect to any requirement offered to the 8(a) program under Simplified Acquisition Procedures.
> (1) In determining whether the acceptance of a requirement would have an adverse impact on an individual small business, SBA will consider all relevant factors.
> (I) In connection with a specific small business, SBA presumes adverse impact to exist where:
> (A) The small business concern has performed the specific requirement for at least 24 months;
> (B) The small business is performing the requirement at the time it is offered to the 8(a) BD program, or its performance of the requirement ended within 30 days of the procuring activity's offer of the requirement to the 8(a) BD program; and
> (C) The dollar value of the requirement that the small business is or was performing is 25 percent or more of its most recent annual gross sales (including those of its affiliates). For a multiyear requirement, the dollar value of the last 12 months of the requirement will be used to determine whether a small business would be adversely affected by SBA's acceptance.
> (ii) Except as provided in paragraph (c)(2) of this section, adverse impact does not apply to ''new'' requirements. A new requirement is one which has not been previously procured by the relevant procuring activity. . . .

13 C.F.R. § 124.504 (Emphasis added).

RESPONSE: Although we note that statements of law should not be included in a statement of facts, we do not dispute that MSSI appears to have accurately quoted 13 C.F.R. § 124.504.

13. The United States Small Business Administration's Washington Metropolitan Area Office District Office made just such an "Adverse Impact" determination before 8(a) Subcontract Number C-DEN-02014 was issued to CCSi. Administrative Record, at A11.

MSSI was not then performing, and has not since performed, the support services that are the subject of 8(a) Subcontract Number C-DEN-02014. Instead MSSI was providing support services for Coaches at HUD's Public and Indian Housing Information Center. These "Coaches" are HUD Public and Indian Housing field office employees. Administrative Record, at A51. MSSI's support services are delivered off-site from MSSI's Headquarters in Prince George's County, Maryland. Transcript of Proceedings, January 10th, 2007 at pages 7 through 9.

The support services being delivered by CCSi under 8(a) Subcontract Number C-DEN-02014 are to provide telephone and other support services for HUD's Real Estate Assessment Center, and they concern the physical and financial condition of the portfolio of properties which constitute HUD's public housing stock. Administrative Record, at A14. CCSi's support services are delivered from premises leased by HUD in downtown Washington, D.C. Administrative Record, at A16.

RESPONSE: The first paragraph is not disputed. The second paragraph is disputed because it refers to matters outside the administrative record. The third paragraph is disputed because it contains an incomplete summary and characterization of the contract at A.R. 12-42.

14. In August 2006 HUD's Real Estate Assessment Center commenced discussions with HUD's Western (Denver) Field Contracting Operations about adding the support services then being delivered by MSSI to the support services then being delivered by CCSi. Administrative Record, at A99. MSSI was not given any notice that these support services would be consolidated. Transcript of Proceedings, January 10th, 2007 at pages 13 through 14.

RESPONSE: Disputed. Refers to matters outside the administrative record.

15. In an electronic message dated December 1st, 2006 MSSI learned that 8(a) Subcontract Number C-DEN-02014 had been modified on that day to add to 8(a) Subcontract Number C-DEN-02014 the help desk support services that were being delivered by MSSI under Contract Number C-OPC-23038. Post-Award Procurement Protest Complaint, January 5th, 2007, Enclosure 3.

Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 adds to the support services then being delivered by CCSi the support services that were then being delivered by MSSI. Modification Number M0009 is effective as of December 1st, 2006. Administrative Record, at A77. Modification Number M0009 includes transition costs of $18,456.06 through December 31st, 2006. Administrative Record, at A78.

RESPONSE: Not disputed.

16. Where Agency requirements are "new" because they are combined, as here, the United States Small Business Administration still must determine whether or not an "Adverse Impact" exists:

> (2) In determining whether the acceptance of a requirement would have an adverse impact on a group of small businesses, SBA will consider the effects of combining or consolidating various requirements being performed by two or more small business concerns into a single contract whic ''new'' requirement as compared to any of the previous smaller requirements. SBA may find adverse impact to exist if one of the existing small business contractors meets the presumption set forth in paragraph (c)(1)(I) of this section.

13 C.F.R. § 124.504(c).

RESPONSE: The conclusion of law preceding the quotation from 13 C.F.R. § 124.504(c) is disputed, for the reasons discussed in our brief. Undisputed that MSSI appears to have accurately quoted 13 C.F.R. § 124.504(c)

17. The United States Small Business Administration has here made no determination whether or not an Adverse Impact exists as a result of HUD's transferring to CCSi under Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 the help desk support services being delivered by MSSI under Contract Number C-OPC-23028 between MSSI and HUD.

An "Adverse Impact" determination was required: (1) because MSSI had been performing help desk support services for at least 24 months in December 2006 (in fact, MSSI had been successfully performing these services since July 2002), 13 C.F.R. § 124.504(c)(1)(i)(A); (2) because MSSI was performing these help desk support services in December 2006 when they were offered to the 8(a) Business Development Program (indeed, MSSI was performing these help desk support services in September 2005 when 8(a) Subcontract Number C-DEN-02014 was issued to CCSi), 13 C.F.R. § 124.504(c)(1)(i)(B); and (3) the dollar value of the requirement that MSSI was performing in 2006 was 25 percent or more of MSSI's

gross sales for the last 12 months (the help desk support services being delivered by MSSI were in fact 39 percent of MSSI's annual gross sales), 13 C.F.R. § 124.504(c)(1)(i)(C). MSSI has never been contacted by the United States Small Business Administration or by HUD concerning the financial impact on MSSI of the consolidation put in place with Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014. Transcript of Proceedings, January 10th, 2007 at page 16.

RESPONSE: The first paragraph is not disputed. The second paragraph is disputed because it consists primarily of conclusions of law, which we dispute for the reasons discussed in our brief. The second paragraph is also disputed because it refers to materials outside the administrative record.

18. The only determinations made by the United States Small Business Administration concerning Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 are: (1) that CCSi is "in compliance with 8(a) program rules & regulations" and (2) that CCSi is "eligible for additional work." Administrative Record, at A96.

RESPONSE: Not disputed that MSSI has quoted accurately a portion of the SBA e-mail at A.R. 96. We dispute MSSI's characterization that the e-mail contains "determinations" by SBA.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
Attn: Class. Unit - 8th Fl.
Washington, D.C. 20530
Tel.: (202) 305-3091

March 5, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on March 5, 2007, a copy of foregoing "DEFENDANT'S COUNTER-STATEMENT OF FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp