# In the United States Court of Federal Claims

| | | |
|---|---|---|
| MANAGEMENT SOLUTIONS & SYSTEMS, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>CREATIVE COMPUTING SOLUTIONS, INCORPORATED,<br><br>Defendant-Intervenor. | ) | BID PROTEST<br>No. 07-7C<br>Judge Susan G. Braden |

**PLAINTIFF'S REPLY TO DEFENDANT'S AND INTERVENOR'S RESPONSES TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

Pursuant to RCFC 7.2(b) and the Court's Scheduling Order of February 8th, 2007 Plaintiff, Management Solutions & Systems, Incorporated (MSSI), herewith Replies to the Responses to Plaintiff's Motion for Judgment on the Administrative Record.

1. The Responses to Plaintiff's Motion for Judgment on the Administrative Record hang by a slim thread, and this thread is that the United States Small Business Administration has delegated to the U.S. Department of Housing and Development (HUD) "all responsibilities for administering" the 8(a), 15 U.S.C. § 637(a)-(1), Subcontract issued to Creative Computing Solutions, Incorporated (CCSi), 8(a) Subcontract Number C-DEN-02014. Defendant points to 13 C.F.R. § 124.512 as authority for such a delegation.

The problem here is that Defendant can point only to the United States Small Business Administration's Letter of September 28th, 2005, Administrative Record, at A11, as this delegation, a Letter from which Defendant imagines that the United States Small Business Administration "did not reserve any contract administration authority for itself." Defendant's Opposition, at 3. But in fact this Letter nowhere delegates Contract administration authority to HUD, for this Letter says only that "[y]ou are authorized to *negotiate and contract directly* with the 8(a) Participant." Administrative Record, at 11 (Emphasis added).

So the words in this Letter do not support that which Defendant imagines.

And if this Letter is only in-artfully worded and is in fact a delegation of Contract administration authority, then it would also be true, as set out in 13 C.F.R. § 124.512(b) that the HUD contracting officer could "execute any . . . in scope modification without SBA's concurrence," and that the HUD contracting officer would be required only to "notify SBA of all modifications and options exercised."

Defendant correctly observes that the authority for Modification Number M0009 to 8(a) Subcontract Number C-DEN-02014 is the "Changes" clause. Administrative Record, at A77.

Had the United States Small Business Administration truly delegated Contract administration authority to HUD, then it would only be required that HUD notify the United States Small Business Administration of the fact of this Modification.

But that is not what happened!

Instead on December 12th, 2006 the United States Small Business Administration wrote the HUD Contracting Officer to "[p]lease proceed with the modification." Administrative Record, at A96. And the following day, December 13th, 2006 the United States Small Business Administration wrote the HUD Contracting

Officer that "[y]ou are authorized to increase the contract amount . . . ." Administrative Record, at A97.

These communications bespeak the United States Small Business Administration's retention of Contract administration authority. These communications from the United States Small Business Administration are more than a simple acknowledgment of notice from the HUD Contracting Officer as would be required by 13 C.F.R. § 124.512(b) had there been a delegation of Contract administration authority.

2. In the absence of a delegation of Contract administration authority to the HUD Contracting Officer by the United States Small Business Administration, then 13 C.F.R. § 124.505(c)(2) is fully applicable, and this Regulation requires a United States Small Business Administration determination under the "Adverse Impact" rule.

But there was no such determination, and now this violation of 13 C.F.R. § 124.505(c)(2) requires the return of the parties to the *status quo ante* through a Declaration that Modification M0009 to 8(a) Subcontract C-DEN-02014 is unlaw-

ful and an Order compelling the prompt termination of Modification M0009 to 8(a) Subcontract C-DEN-02014.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
Virginia State Bar Number 03135
March 7th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Management Solutions & Systems, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Wednesday, March 7th, 2007 a true and complete copy of this Plaintiff's Reply to Responses to Plaintiff's Motion for Judgment on the Administrative Record was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Roger Allen Hipp, Esq.

Electronic Mail: Roger.Hipp@usdoj.gov

Attorney of record for Defendant,
U.S. Department of Housing and Urban Development.

I also certify, under penalty of perjury, that on Wednesday, March 7th, 2007 a true and complete copy of this Plaintiff's Reply to Responses to Plaintiff's Motion for Judgment on the Administrative Record was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Andrew P. Hallowell, Esq.

Electronic Mail: ahallowell@pandhlaw.com

Attorney of record for Defendant-Intervenor,
Creative Computing Solutions, Incorporated.

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV