IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| MANAGEMENT SOLUTIONS & SYSTEMS, INCORPORATED, | ) | |
| Plaintiff, | ) | No. 07-7C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

In our initial brief, we demonstrated that the motion of plaintiff, Management Solutions & Systems, Inc. ("MSSI") for judgment upon the administrative record must fail for three reasons: (1) the Small Business Administration ("SBA") was not required to make an adverse impact determination because there was no new "offer" to be "accepted" for purposes of 13 C.F.R. § 124.504; (2) the Department of Housing and Urban Development ("HUD") had the authority to issue modifications within the scope of the contract; and (3) MSSI's motion relies extensively upon assertions that are not supported by the administrative record.

MSSI's opposition and reply brief challenges only a portion of our second argument, the argument that SBA delegated contract administration authority to HUD. The delegation letter from SBA to HUD provides in relevant part:

> You are authorized to negotiated directly with the 8(a) Participant; however, SBA reserves the right to be present at an Agency's negotiations with the 8(a) Participant. You are required to execute and distribute one copy of the contract award package to our office within 10 days of final signature. . . .

> **The servicing SBA District Office, shall upon request, be available to assist the program participant in contract administration.** This office will also perform on-site contract surveillance reviews, if necessary, to ensure compliance, identify problems and recommend corrective actions.

A.R. 11[1] (emphasis added).

It is clear from the delegation letter that SBA intended for HUD to administer the contract. SBA offered to make it district office available "to assist" HUD, and only "upon request." Had SBA intended to reserve contract administration authority for itself, it would not have limited its role in administration to "assist[ance]" to be provided only "upon request."

Because SBA had already delegated contract administration to HUD, the SBA's post-modification e-mails cited by MSSI are irrelevant to the issue of delegation. In addition, the e-mails do not challenge HUD's authority or conduct, and therefore cannot be evidence sufficient to set aside the modification of the contract. In order to prevail in this bid protest case, MSSI must prove that: "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." Comprehensive Health Services, Inc. v. United States, 70 Fed. Cl. 700, 720 (Fed. Cl. 2006) (quoting Galen Med. Assocs., Inc. v. United States, 369 F.3d 1324, 1329 (Fed. Cir. 2004)).

The SBA e-mails cited by MSSI were sent to HUD 11 and 12 days after the contract modification was executed, but the e-mails do not criticize HUD for acting without SBA's prior approval. The e-mails indicate that SBA was monitoring HUD's administration of the contract and was satisfied with HUD's administration. The e-mails do not suggest, let alone prove, that HUD's procurement official lacked a rational basis for believing he had authority to issue the

---

[1] "A.R. ___" refers to the administrative record filed in this case.

modification, nor do they suggest or prove a violation of a law or regulation.

For the reasons set forth above and in our initial brief, we respectfully request the Court to enter judgment upon the administrative record in favor of the United States and against MSSI.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
Attn: Class. Unit - 8th Fl.
Washington, D.C. 20530
Tel.: (202) 305-3091

March 23, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on March 23, 2007, a copy of foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp